

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Smart v. Gloucester

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1957

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Smart v. Gloucester" (2007). *2007 Decisions.* Paper 1343.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1343

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1957

SALAHUDDIN F. SMART,
SOVEREIGN STATE CITIZEN

v.

GLOUCESTER TOWNSHIP MUNICIPAL CORPORATION;
D. HARKINS, INV.; PACE, DET.; MCELROY, PTL.;
E. QUAINTAVALLE, INV.; J. SYPHERD, SGT.;
DANIELS, LT.; JOHN STOLLSTEIMER, CHIEF OF POLICE;
JUDY CRABTREE, JUDICIAL OFFICER; ALLISON ALBRIGHT,
CAMDEN COUNTY PROSECUTOR; SANDY L. LOVE, MAYOR OF
GLOUCESTER TOWNSHIP; CAMDEN COUNTY PROSECUTOR'S OFFICE

Salahuddin F. Smart,
Appellant

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-01489)
District Judge: Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
NOVEMBER 13, 2006

Before: BARRY, CHAGARES AND ROTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed   April 5, 2007)

OPINION

PER CURIAM

Pro se appellant, Salahuddin F. Smart, appeals the District Court's order denying his motion to reinstate his complaint. In April 2003, Smart filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey. The District Court originally granted Smart leave to proceed with the action in forma pauperis, and the Clerk was directed to file the complaint and to issue summonses to the United States Marshals for purposes of service. Defendants subsequently filed motions to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motions to dismiss, finding that the complaint was not "sufficiently coherent to identify the facts upon which [Smart] bases his claims." Smart filed a motion for reconsideration, which the District Court denied as untimely in an order entered on January 8, 2004. On appeal, we vacated the District Court's January 8th order given the court's failure to set forth its judgment on a separate document as required by Fed. R. Civ. P. 58, and remanded the matter for further consideration. See C.A. No. 04-1127 (Order of December 21, 2004).

In the meantime, the District Court – acting sua sponte after determining that Smart had filed at least 29 actions in that court since November 2002, together with in forma pauperis applications that appeared to be inconsistent – ordered that Smart appear on April 23, 2004 to give testimony and present proof of his claimed inability to pay the filing fee. Smart was warned that if he did not prove his indigency, an order would be

2

entered vacating all prior orders permitting him to proceed without prepayment of the filing fees. In light of the testimony that Smart provided at the April 23rd proceeding, the District Court entered an order on April 28, 2004 revoking Smart's in forma pauperis status in 21 cases, denying his request for leave to proceed in forma pauperis in 7 other actions, and reserving judgment in 3 cases that were currently on appeal (the underlying action being one of those pending before this Court at the time). The District Court subsequently denied Smart's motion to reconsider its decision on his in forma pauperis status, and a timely appeal to this Court followed. See C.A. No. 04-2425.

Smart sought leave to proceed with his appeal in forma pauperis. However, in an Order dated January 18, 2005, we denied Smart's request and directed him to pay the appellate filing and docketing fees or face dismissal of his appeal.[1] Smart failed to pay the required fees and his appeal was procedurally terminated. His request for en banc rehearing was denied in an Order filed on March 23, 2005.[2] The District Court thereafter revoked Smart's in forma pauperis status in the underlying action and directed that the filing fees be paid by April 11, 2005 under pain of dismissal. Once again, Smart failed to submit the requisite fees by the ordered deadline. Smart did, however, file a motion on

---

[1] This Court denied Smart's in forma pauperis requests in no fewer than 30 other appeals. See C.A. Nos. 04-2253, 04-2384, 04-2385, 04-2386, 04-2387, 04-2423, 04-2424, 04-2425, 04-2426, 04-2427, 04-2428, 04-2429, 04-2444, 04-2445, 04-2446, 04-2447, 04-2448, 04-2449, 04-2450, 04-2451, 04-2452, 04-2453, 04-2454, 04-2455, 04-2456, 04-2457, 04-2458, 04-2467, 04-2469, and 04-2460.

[2] We note that all 30 of Smart's other appeals were procedurally terminated as well.

3

April 15, 2005 requesting that he be afforded until April 18, 2005 to submit the filing fees. After the proposed extension date passed (in fact, after several months had passed) and no fees were forthcoming, the District Court entered an order on July 15, 2005 denying Smart's motion and dismissing the action for his failure to pay the fees. Smart did not seek review of the District Court's decision dismissing his action. Instead, more than seven months later, Smart returned to the District Court with a motion seeking to have the complaint reinstated. The District Court denied the motion, noting that Smart had yet to submit the necessary filing fees and, moreover, that he had failed to state any grounds to support the request for reinstatement. Smart appeals that decision.

We dispose of this appeal with very little discussion. As is obvious from the facts set forth above and from a review of the record, the District Court did not abuse its discretion in refusing to reinstate Smart's complaint given his repeated failure to submit the fees necessary to allow the action to proceed and given his failure to support the request with grounds warranting reinstatement. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir.2002) (District Court's denial of post-judgment motion reviewed for abuse of discretion). Any challenge Smart wished to raise with respect to the District Court's authority to consolidate various cases for purposes of considering his claimed indigency should have been pursued on appeal following the revocation of his in forma pauperis status and dismissal of his numerous causes of action. Accordingly, we will affirm the District Court's March 2, 2006 order.